IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:19cr309-MHT |
| | ) | (WO) |
| LINDA DONOVAN | ) | |

OPINION AND ORDER

This case is before the court on defendant Linda Donovan's second motion to continue the trial date. For the reasons set forth below, the court finds that her upcoming jury trial, now set for February 24, 2020, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or

> indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Donovan in a speedy trial. The court previously granted a continuance so that the

United States Attorney could consider Donovan's request for pretrial diversion, *see* Order and Opinion, (doc. no. 17), which she submitted on December 5, 2019. Since that time, the United States Attorney has approved her request. On February 3, 2020, the United States Probation Office informed the parties that it would need additional time to perform its part of the pretrial-diversion investigation. A second continuance is warranted so that Probation may do so. Also, the government does not oppose a continuance.

***

Accordingly, it is ORDERED as follows:

(1) The motion to continue (doc. no. 21), filed by defendant Linda Donovan, is granted.

(2) The jury selection and trial for defendant Donovan, now set for February 24, 2020, are reset for May 11, 2020, at 10:00 a.m., in Courtroom 2FMJ of the

Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct another pretrial conference in advance of the May 11, 2020, trial term and shall reset the deadline for entering a change of plea and any other appropriate deadlines.

DONE, this the 5th day of February, 2020.

                                 /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**